Members of the Court, good morning. Before I begin, I also want to welcome my opposing counsel, who happens also to be one of my friends, a law school classmate, and an office mate from law school. I don't know how often that happens here, but we've known each other about 30 years, and so it's with pleasure that I come here for this argument. Happy to have both of you. Well, thank you. And we hope you'll be friends after the argument. Oh, we've fought over bigger things than this. My name's John Boyer. I represent Liberty Mutual in this case. And I wanted to provide – first, I want to reserve two minutes, if I may, for rebuttal. I want to provide a little bit of background about historical context in Montana with respect to injuries, on-the-job injuries. Montana's Work Comp Act has been, shall we say, attacked and the Exclusive Remedy Rule challenged for decades. Third parties have tried every way they can to get around the Exclusive Remedy Rule, and this case is simply the most recent effort to do so. Well, I would say Montana, in common with every other state in the union. I mean, this is – attempts to get around the limitations on workers' compensation. Yes. Now, with that statement here, the crux of what we have here is simply whether or not the district court erred in concluding that the additional insured endorsement in Liberty Mutual's policy provides coverage to Continental under the facts of this case. Now, this is not a situation where Liberty Mutual's endorsement, nor indeed the contract that Continental prepared and had Pioneer Drilling sign, provided that either Pioneer or Liberty would indemnify or insure Continental for injuries to Pioneer's employees that arose because of the negligence of Continental. And that is key in this case because in Montana, while our Supreme Court has stated that a party can seek and obtain indemnity for their own negligence or indeed could get insurance for their own negligence, they have to say so clearly and unequivocally in the policy or the contract. And that, to me, is the issue that the district court missed in this case. So when the language of the contract between Continental and Pioneer says that Pioneer will get or cause Liberty Mutual to list Continental as an additional insured to the extent of the indemnification obligations assumed, are you saying that because as a matter of law, no indemnification obligations can be assumed, therefore that that statement is a nullity? I am saying that because Pioneer cannot be liable as a matter of law, that it has no legal obligation to indemnify Continental. It may be as a matter of law, but why isn't it appropriate for Pioneer to agree to obtain, use its insurance company to cover any such claims for defense or for liability purposes? I think it could do so, Your Honor. But if it were going to do so, the contract would have to simply say, the subcontract would have to say, Pioneer shall procure insurance for Continental, insuring Continental for Continental's own negligence. And that is what's missing here. And that's the step that the district court skipped over. And is that, you're saying that specifically, is that quoting from some authoritative source? Oh, absolutely. Indeed, the case that the district court principally relied on, the United National case, quotes at length from two different cases in Montana, the principal one being Sweet v. Colburn Supply, which simply, and it states very specifically in there, if you want indemnity for your own negligence, you best say it clearly and unequivocally. And in the United National decision, the Montana Supreme Court said, this contract does not provide that. And the indemnity language, if you will, in the United National decision, is very similar to the indemnity language in paragraph 14.8 of the Continental contract with Pioneer Drilling. What about the language in 14.13? Doesn't that reflect that it's regardless of the negligence of any party? That does not pass legal muster under Montana law, Your Honor, specifically under Sweet. And there's actually an old case from the 20s, I believe, involving Burlington Northern. What is occurring with these third-party subcontracts is that the large contractor, Continental in this case, they want the subcontractor to provide protection for them. They don't want the subcontractor to know that, gee, we're not sure whether we really want you to protect us from our own negligence. So they use this broad language in an effort to obtain that protection. But our Supreme Court has been unequivocal. It has said, no, you can't do it unless that language says, we hereby agree to indemnify you, Continental, for Continental's own negligence. It is invalid under Montana law. You know, this is kind of a tricky state law question. How come we're in federal court? Diversity, Your Honor. I know that. But the issues are very clear under Montana law. I don't think there's any dispute about that. Well, there seems to be. Otherwise, we wouldn't be here. Well, courts disagree all the time about it. If that were the case, we'd never get to federal court. But it was your choice to be here, right? Yes, sir. And the Montana courts, in your view, have a very clear view of this. I do. And you chose not to go there. Pardon me? And you chose not to go to those Montana courts. Well, we often go to federal court on the declaratory issues. I got it. Okay. Well, you have a perfect right to do so. Well, and I like coming out to Seattle every now and then, too. But Judge Tucker, to follow up on the issue that you raised, we can also look to the Plum Creek versus American economy case. Because while the additional insured endorsement in Plum Creek uses different language as to – Better language, wouldn't you say? If you use that language, you might not be here. I don't think it's better language. It accomplishes in one step what the Liberty Mutual policy, in reference to the continental contract, accomplishes in two steps. Merely because it's two steps doesn't mean it's unclear, nor does it mean that it's ambiguous. Rather, the Plum Creek additional insured endorsement simply provides that the insurer in that case will only provide additional insured coverage to the extent that the subcontractor is liable. Here, the policy says we will provide coverage, but only to the extent that it is – that the additional insured coverage applies only to coverage required by the written agreement. The written agreement is the subcontract. Pardon me. Paragraph 13 of that agreement says that you'll get additional insured coverage only to the extent of the indemnification obligations. Which are in 14. Correct. But the indemnification obligation in 14 cannot, as a matter of law, include an obligation by Pioneer to indemnify continental. And that's what is clear under the Montana Supreme Court's decision, both in Plum Creek and in Raessler v. BN. Well, so then what you're essentially saying is you have to strike that portion of the agreement, you have to sever that out, and then there's nothing left to insure, because that indemnification obligation is no good. Only under the facts of this case, Your Honor, and I'm glad you brought that up, because continental has argued here that liberty's policy is illusory. If you don't force liberty to insure in this situation, then there's no coverage at all. Au contraire. The only situation in which there is not coverage is the situation involving an injury to the employee of Pioneer. Let's assume that it were a continental employee working on this rig. You could invoke this provision, and liberty would have to step to the plate. If there were a subcontractor of Pioneer who were injured, or any other third party, then the insurance would be invoked. And this is what goes back to the exclusive remedy rule in Montana. You can't contractually indemnify a third party, or the employer cannot. You can require the insurance provision, which it does, but if you want to be indemnified for your own negligence, or want insurance procured for your own negligence, then Sweet v. Colburn Supply, which is specified in the United National case that the district court relied on, says you must do it specifically. All right. So let me make sure that I understand your argument. It is not that under the Montana workers' compensation law, you cannot insure a third party with regard to the employer's liability. It's simply you're saying in this agreement we didn't do that. Correct. And both the district court and then Continental has had to prop that up. That's not our argument. It's not simply based on the work comp exclusivity rule. It's that the contract, when read in conjunction with the additional insured endorsement, precludes coverage under the facts of this case, just like the Plum Creek case did. It simply does what Plum Creek did in one step in two steps. At bottom, Your Honor, when we get down to it, the argument is simply this. The additional insured endorsement says, we'll insure you to the extent of the requirements of the written agreement. The written agreement does not require Pioneer to indemnify Continental for Continental's own negligence. It doesn't require Pioneer to buy insurance that covers Continental for Continental's own negligence. Paragraph 14.8 of the contract is the large scope of the indemnity provision, Your Honor. And if you compare that with what's in Plum Creek, you will see that it is very similar indeed. Last, there is one case that actually addresses the Liberty Mutual additional insured endorsement. That's the National Union versus Liberty case out of the Southern District of Florida. It addresses the very identical situation here. And the federal district court in that case says, look, if you compare the endorsement with what was required by the contract, there is no coverage. Interestingly, the district court in our case doesn't mention, let alone distinguish, the National Union issue. On the basis of Plum Creek, National Union, and the interplay of the contracts, Liberty Mutual would request the court to reverse the decision of the district court, which is clearly erroneous, and send it back with a directive that judgment be entered for Liberty Mutual. I thank you. And you've saved some time. Good morning. My name is Jean Fore, and I'm here for Continental Resources. As your honors know, the underlying contract between Continental Resources and Pioneer Drilling, the subcontractor, has a very standard clause that provides that Pioneer shall maintain insurance coverage, ensuring the liability specifically assumed by the contractor in paragraph 14 of that day work drilling contract. This clause is nothing new to the industry, and Liberty Mutual is no stranger to this type of coverage, and the coverage required of its subcontractor, Pioneer Drilling. In fact, in paragraph 13, the language says, Pioneer shall cause its underwriters to name Continental as an additional insured. And in the blanket additional insured endorsement, Continental is an additional insured under the policy. What Liberty Mutual seeks by reversing the district court is to change the legal effect of those expressed terms of the subcontract and its own insurance policy. It asks this court essentially to nullify or ignore or amend the expressed provisions of various language in those two documents. And quite frankly, certain language or provisions can't be taken out of context or used as preemptory strikes against coverage. Article 14.8 requires Pioneer not only to indemnify, but to protect, defend, and indemnify Continental Resources. This is broad and sweeping language, which goes beyond the simple term of indemnification. This contractual obligation means more. It obligates Pioneer to protect Continental. Protect and defend have to mean something different than simply indemnification. As you are aware, indemnification seeks to shift the entire loss from the one who has been required to pay the loss to the one who should bear the loss. Here, Continental doesn't seek to shift the entire loss onto Pioneer. Rather, we seek to shift the loss to the extent of the insurance coverage provided. It may be that the entire loss is not satisfied by the coverage available, but Continental is entitled to the limits of liability which Pioneer agreed to purchase and provide. Indemnity is an all-or-nothing proposition. This is not. There is nothing under Montana law which prohibits Liberty Mutual from insuring Continental as an additional insurer. That's true, but what do you do with the language which frames it, not in the broad terms but says to the extent indemnification is assumed? Correct, Your Honor, and if you look at the United National case and the Swank contract with its subcontractor, Advanced Fireproofing, you will see that their subcontract contained this language, indemnity. To the fullest extent permitted by the law, the subcontractor shall defend, indemnify, and hold harmless the contractor, the contractor's other subcontracts, from and against all claims, damages, losses, and expenses, including but not limited to attorney fees, costs, and expenses. That's where you start in the United National, the contract itself. Then you move to the insurance policy in the United National case, and that is the policy affords coverage to Swank as an additional insurer for liability arising from the contract entered into by the named insurer. In other words, Advanced Fireproofing. So the endorsement. That's not the language here. It's slightly different. I agree, Your Honor. Importantly different. It defines it to the extent assumed by Pioneer. And as a matter of law, it cannot assume any indemnification liability to the general contractor as a matter of law. And the case we mentioned for you to talk about is that, not surprisingly, under Montana law it appears that the law is presumed to be included in the contract. So if what that says to the extent assumed by Pioneer, and it cannot assume any indemnification obligation, then why isn't that exactly as your friend and colleague on the other side arguing, that that is a matter of contract interpretation, that this particular contract does not speak in the broad terms that you're taking from the other case? Well, one thing, Your Honor, is Continental isn't seeking indemnification or contribution from Pioneer. That's what's disallowed in Section 3971.411. What Continental is seeking is to enforce those provisions of the insurance policy that extend coverage to us for this very instance and as an additional insured. Okay. Now, are you saying all you're invoking it for is for defense? No. We're seeking to enforce an insurance policy, though. We're not seeking to enforce an indemnification agreement. This is a demand for insurance coverage, not a demand for indemnification. The statute, Your Honor, if you read 3971.411, is a defense to the employer. So it may preclude enforcement of a promise of indemnity, but it doesn't limit the enforcement of an additional insured endorsement. And if a contract can be enforced against a party who's failed to purchase the additional insured endorsement, surely the additional insured endorsement can be enforced against the insurer who issued it. And if you look at the indemnification language to which Schwenk and Advanced Fireproofing agreed in United National, it is almost identical to the contract between Pioneer and Continental Drilling. Once you have the contractual language which obligates the purchase of insurance, then the court has to turn to the policy itself and look at the additional insured endorsement to determine whether there is coverage. Continental arranged for an insurance company or insurance coverage by requiring its subcontract, Pioneer, to name Continental as an additional insured in the policy. And such an arrangement is not against public policy or Montana law. In fact, those arrangements happen all the time. And it's not about getting around workers' comp or the razor's decision. It's about protecting the risk or allocating the risk. And the risk allocation method is standard in the construction industry. Moreover, Liberty Mutual is a sophisticated entity who can protect its own interests either by refusing to issue additional insured coverage or restricting such coverage like the carrier did in the Plum Creek case with notice to the insured or the third party. Now, in both the Plum Creek case and the United National case, there was workers' comp for the injured employee. But those workers' compensation and that exclusivity did not stand in the way of the insurance required by the contracts of indemnity. And quite simply, Continental Resources is here not because we sued Pioneer Drilling, but because we tendered the defense, which was accepted, and then its insurance company came in and said or filed this declaratory judgment action and said there is no coverage. We're simply trying to get the coverage from Liberty Mutual and Pioneer by the very terms of both the subcontract and the Liberty Mutual policy does not have to be liable to Continental before we recover under that policy. Now, the court in Raisler, that's the work comp exclusivity case from the Montana Supreme Court, held that an action for indemnification based on contract is not a suit based on some other legal transaction between the parties. And that point can't be overemphasized because here, again, we have not filed a suit against Pioneer for indemnification. Rather, we seek coverage based on, quote, some other legal transaction between the parties, end quote. In other words, the insurance policy. While insurance may pay for the obligations assumed in that underlying contract, insurance is completely independent of the obligation to indemnify. Here, Pioneer's contractual agreement to procure insurance is an obligation separate and apart from any obligation owed by their employee's injury. Because Pioneer's agreement to procure insurance is valid, Continental has to be an additional insured under Liberty's policy pursuant to its endorsement. The Palm Creek case, as the court knows, contained a very important limitation in its endorsement, which is not present here. And that is no coverage will be provided if, in the absence of that endorsement, no liability would be imposed by law on you, the subcontractor. So coverage there was limited to the extent of the subcontractor's negligence or fault according to the applicable principles of comparative fault. In other words, the policy in Palm Creek extended coverage to an additional insured only when the original insured was liable to the injured party. Nothing in this case requires that Pioneer first be liable before coverage is available to Continental. Again, Pioneer's contractual obligation under paragraph 14, which Judge Tucker pointed out, is far broader than simple indemnity. Moreover, Continental hasn't inserted a claim for contribution or indemnity. Liberty Mutual brought this action against Continental seeking to avoid its insurance obligations. And if Liberty Mutual is right, this would have been an absolute defense in the United National case. St. Paul Insurance, in that case, who insured Schwenk, the general contractor, claimed that United National had breached the terms of its own insurance policy with advanced fireproofing the sub, which by its terms covered Schwenk for Schwenk's own negligence. Our Montana Supreme Court properly noted that first the court must look to the indemnity provision in the contract before looking at the terms of United's insurance policy. It then held when the additional insured endorsements, by its own terms, depend on the existence of a written contract between the named insured and the additional insured, the contract itself is a significant document in determining the objectively reasonable expectations of the additional insured. Would the scaffolding act that was issued there, would that have prevented an indemnity action as opposed to insurance? In other words, there they said there's a non-delegable duty by the contractor for the safety of the site. And you can't delegate that duty, but they did say, well, but you can require that you provide insurance to a third party about that non-delegable duty. Correct. So would the indemnification provision have been stand-alone enforceable under the scaffolding act? I believe it would, Your Honor, simply because they were separate and distinct obligations. And the district court's analysis in the United National case, which is part of the underlying record submitted below on March 22, 2011, as part of Document 25, indicates that in that indemnification agreement, the subcontractor advanced fireproofing shall defend and indemnify and hold the contractor harmless from any and all claims, regardless of whether they're non-delegable duty claims or claims that could be delegated. Well, and that's a distinction, though, isn't it? Because here, clearly, an indemnification provision in and of itself, without the insurance, just an agreement by the employer to indemnify a subcontractor for injury claims by the employee, would be precluded by the Montana Workers' Comp Act, correct? You couldn't enforce that. Correct. All right. And so, but you think that under the scaffolding act, you could enforce separately and apart from insurance an indemnification? No, no. In that case, Your Honor, no. I'm sorry, I misunderstood your question, or perhaps I didn't answer it. I wanted to understand whether these are parallel or not parallel. They are parallel, but in that case, the court wasn't concerned about the non-delegable duty. It, again, separated out the indemnity provision and the insurance policy, which was endorsement is almost identical to the liberty mutual policy, which says an insured is anyone for whom you have agreed in writing to provide insurance. And so, too, in the United National case. And that's why our federal district court's decision relying on United National and affirming coverage for continental should be affirmed. Can I just have you finish up with paragraph 13, which is the insurance clause? Yes, Your Honor. And come back to the specific language so I can understand specifically how this clause, which says insuring the liability specifically assumed in paragraph 14, and then it says shall cause their respective underwriters to name the other additionally insured, but only to the extent of the indemnification obligations assumed herein. Correct. Indemnification obligation. There's no indemnification obligation under Montana law for Pioneer's employees suing the general contractor. Isn't that correct? That's correct. So why isn't that language a language of limitation on the scope of the insurance coverage obligation that Pioneer has to provide or that Liberty Mutual has to honor? It's effectively, Your Honor, it doesn't limit the scope, because even though an indemnification provision can't be enforced, you can insure for those obligations that you have assumed by virtue of an indemnification provision. That's exactly what happened in the United National case between Schwenk and advanced fireproofing. And our position is simply that the insurance coverage obligation can't be used as an end run to avoid that very risk allocation method between a general contractor and a subcontractor. Thank you again for your time. Appreciate it very much. Thank you. You've reserved two minutes. Thank you, sir. What's your response to counsel's answer to my question, reading indemnification obligations being broader than just simply paying the money? You mean aside from that I think she's wrong? Why do you think she's wrong? Well, my point is this. The indemnification obligation that's set forth in the contract is the language that Continental drafted. Continental wants the court to read the policy and the contract as if the last clause of paragraph 13 did not exist. Well, that's not what she's saying, as I understand it. There's a duty to defend as well as duty to pay any liability. Isn't that correct? Well, if there's coverage under the policy, the question is whether or not there is. And if there's no obligation to indemnify, there's certainly no duty to defend. That Montana law is clear. The error of the district court and in Continental's argument is laid bare by this simple review. If we looked at Continental's contract, in the absence of an insurance policy, we have to ask ourselves what is it that Pioneer could indemnify for Continental. The answer is nothing. Put the insurance policy in there then. The insurance policy cannot be read to be more broad than the contract. Rather, as you pointed out, Judge Fischer, the endorsement in the liberty policy narrows and modifies the scope. While counsel for Continental said that the endorsements between the two policies are almost identical, in United National the additional insured endorsement says that it will provide additional coverage for liability arising from the contract. Liberty's endorsement says it provides additional insured coverage, but only to the coverage required by the written agreement. And the written agreement specifically at paragraph 13 says get insurance, but only to the extent of indemnification obligations. That's key. Well, it says indemnification obligations assumed here under, or some language to that effect. Is it not? It does, Your Honor. And you would agree that under the contract they assumed indemnification obligations. They cannot. Leaving aside the law, I understand that the Workers' Comp Act would say you can't have an agreement to indemnify. They assumed it under here in any event, correct? Leave out Work Comp, yes. I'm just looking just at the contract, and I'm not looking at the law right now. Correct. And so they've assumed that. And then if one were to seek to enforce indemnification obligations by Pioneer to Continental, that would be unenforceable under the Workers' Comp Law, correct? Yes, it would, Judge. All right. So the question is, by drafting the contract in this way, have they also said, well, you can't insure it either? You're telling us that there's nothing in the Workers' Comp Act itself that says you can't insure this obligation. That's correct. But if you want to insure for your own negligence, you have to specifically say, this contract would have to say, Pioneer hereby agrees to insure Continental against all claims, including those arising out of Continental's own negligence. Sweet v. Colburn Supply specifically says that, and indeed the Montana Supreme Court addressed that very issue in the United National case. It says it doesn't provide that. And if that language is missing in paragraph 14.8 of Continental's contract, there's nothing for Liberty Mutual to insure. If Liberty's contract, or excuse me, if Continental's contract with Pioneer said precisely what I mentioned here and included the mandated language v. Sweet v. Colburn Supply, we wouldn't be here. But it doesn't. And that's why the district court is in error. With that, I have concluded my remarks. Absent any further questions from the court. Thank you very much. Thank you for your time. I appreciate it. Thank both of you for very good arguments. Welcome to Seattle. I hope you'll have another occasion for the two of you to come back again together. Have a nice cup of coffee. Go down to the market. There are lots of good things going on down there. Thank you. Liberty Mutual Insurance v. Continental Resources now submitted for decision.
judges: Tucker, Fletcher, Fisher